UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID L. WIGGINS,<br>3566 Prestwick Court<br>Columbus, OH 43220<br><br>    Plaintiff,<br><br>v.<br><br>MERCANTILE ADJUSTMENT<br>BUREAU, LLC,<br>165 Lawrence Bell Drive, Suite 100<br>Buffalo, NY 14221<br><br>    Defendant. | No. |

### PLAINTIFF'S COMPLAINT

Plaintiff, DAVID L. WIGGINS ("Plaintiff"), by and through his attorney, Jack S. Malkin, alleges the following against Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in the City of Columbus, Franklin County, Ohio.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency headquartered in the City of Buffalo, Erie County, New York.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. Defendant is attempting to collect a consumer debt from Plaintiff, which Plaintiff does not owe.

16. The alleged debt owed by Plaintiff arises from transactions for personal, family, and household purposes.

17. In or around January 2017, Defendant began calling Plaintiff on Plaintiff's landline telephone, at 614-929-5868, in an attempt to collect the alleged debt.

18. Defendant calls Plaintiff from 866-816-2891, which is one of Defendant's telephone numbers.

19. Plaintiff is not the debtor that Defendant is seeking to collect from.

20. On March 9, 2017, Plaintiff's counsel sent a cease-and-desist letter to Defendant. A true and correct copy is attached hereto as Exhibit A.

21. Despite Defendant receiving a cease-and-desist letter from Plaintiff's counsel, Defendant continued to place collection calls to Plaintiff.

22. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he does not even owe.

23. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

24. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

25. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692c(a)(2) of the FDCPA by continuing to call Plaintiff after Defendant had notice that Plaintiff was represented by an attorney;

    b. Defendant violated § 1692c(c) of the FDCPA by continuing to call Plaintiff after Defendant received a cease-and-desist letter from Plaintiff's counsel;

c. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant placed a barrage of collection robocalls to Plaintiff when he is not even the correct debtor—and Defendant's collectors even continued to call Plaintiff after receiving a cease-and-desist letter from Plaintiff's counsel;

d. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant placed a barrage of collection robocalls to Plaintiff when he is not even the correct debtor—and Defendant's collectors even continued to call Plaintiff after receiving a cease-and-desist letter from Plaintiff's counsel;

e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant attempted to collect a debt from Plaintiff that he does not even owe;

f. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant attempted to collect a debt from Plaintiff that he does not even owe; and

g. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, DAVID L. WIGGINS, respectfully requests judgment be entered against Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, for the following:

26. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

27. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

28. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

September 21, 2017        By: /s/ Jack S. Malkin
                                               Jack S. Malkin, Esq.
                                               Ohio Bar Number: 0034018
                                               20521 Chagrin Blvd., Suite E
                                               Shaker Heights, OH 44122
                                               Tel: 216-751-7708
                                               jmalkin23@hotmail.com
                                               Attorney for Plaintiff

# EXHIBIT A



4809 N. Ravenswood Avenue
Suite 419
Chicago, IL 60640

Local: 312-224-4695
Cell: 312-715-8054
Fax: 312-253-4451
www.agrusslawfirm.com
emily@agrusslawfirm.com

March 9, 2017

Via USPS

Mercantile Adjustment Bureau, LLC
165 Lawrence Bell Drive, Suite 100
Buffalo, NY 14221

Re: David Wiggins
Cell Phone: 614-929-5868

To Whom It May Concern:

Please stop all further communications with David Wiggins. Mercantile Adjustment Bureau, LLC is calling Mr. Wiggins on the telephone number indicated above attempting to collect an alleged debt.

Sincerely,

Emily Owen